[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION FOR SUPPLEMENTAL JUDGMENT
The present action was filed by Cynthia Grossman in her capacity as Executrix of the Estate of Marion English against the defendant as Trustee under a Trust Agreement created by Marion English. The action sought an accounting and a judgment for the amount found due on such an accounting. The complaint alleged that the plaintiff was entitled to the proceeds of the trust. In his answer, the defendant admitted that the estate was entitled to the corpus of the trust and then set up various special defenses reciting various settlements reached between the parties and others with respect to certain claims between the parties.
The matter was submitted to an attorney trial referee who determined that the defendant should immediately prepare an updated accounting for the income derived from the period of time of the most recent accounting, May 31, 1994, to the present date, and that the defendant should return the then remaining sums to the plaintiff. A judgment was entered on the report of the attorney trial referee. Thereafter, the defendant filed the present motion seeking counsel fees incurred in defending the action asserted by the plaintiff to be paid from the trust's assets.
The attorney trial referee's report refers to various disputes between the parties, including a claim by the defendant trustee that Marion English removed two bearer bonds belonging to the trustee which he acquired with his own funds. CT Page 3021
The report of the attorney trial referee states that hearings were held on May 26 and May 27, 1994, and that the defendant made an accounting for the trust funds as of May 31, 1994. The defendant has now moved for a supplemental judgment requesting that the attorney's fees and costs incurred in defending the action brought by the plaintiff, in the amount of $15,676.80, be paid out of the assets of the trust and the remainder of the trust assets to be paid to the plaintiff. The plaintiff claims that the payment of attorney's fees is not warranted.
Paragraph four of the Trust Agreement provides that "[T]he Trustee is hereby granted all the basic powers in the Connecticut Fiduciary Powers Act, section 45-100e of the Connecticut General Statutes." General Statutes § 45-100e, now § 45a-234, does specifically, in paragraph 19 thereof, authorize trustees to ". . . employ and compensate. . . ." attorneys at law. There is, therefore, specific authorization contained in the Trust Agreement to employ and to pay attorneys at law. See alsoConnecticut Bank Trust Co. v. Hurlbutt, 157 Conn. 315, 329-330
(1968). The award of attorney's fees should be reasonable, proper, fair and equitable. See Hoening v. Lubetkin,137 Conn. 516, 525 (1951); see also Connecticut Bank Trust Co. v. Coffin,212 Conn. 678, 697 (1989).
The attorney trial referee found that the plaintiff was entitled to an accounting and that such an accounting was filed as of May 31, 1994. The hearings in the above entitled matter began before the attorney trial referee on May 26, 1994. It therefore appears that the accounting must, as of necessity, have been filed during the attorney trial referee's hearings. As of May 31, 1994, the defendant had incurred attorney's fees and costs in the amount of $6,358.80. It does not seem appropriate to charge the trust assets with the attorney's fees incurred up until the time of the accounting which is the specific relief claimed in the complaint. Accordingly, of the sum requested, $15,676.80, the amount incurred at the time of the accounting should be deducted. Accordingly, supplemental judgment shall enter entitling the defendant trustee to recover, of the assets of the trust, legal fees and expenses in the amount of $9,318, with the remainder of the trust assets to be paid to the plaintiff in accordance with the judgment entered on the report of the attorney trial referee.
RUSH, J. CT Page 3022